| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| K.K.; ERNCIE GALAVIZ,<br><br>          Plaintiffs,<br><br>     v.<br><br>SAN BERNARDINO COUNTY, ET AL.,<br><br>          Defendants. | Case No. 5:24-cv-00123-FWS-AGR<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE [22] AND OVERRULING OBJECTION [24, 26]** |

## I. Introduction and Relevant Procedural History

Before the court is the Magistrate Judge's July 16, 2024, Report and Recommendation. (Dkt. 22 ("Report and Recommendation").) Based on the state of the record, as applied to the applicable law, the court **ADOPTS** the Report and Recommendation issued by the Magistrate Judge, including each of the findings of fact and conclusions of law therein.

On January 18, 2024, Plaintiff K.K. ("Plaintiff K.K.") and Plaintiff Erncie Galaviz ("Plaintiff Galaviz") (together, "Plaintiffs") filed the Complaint. (Dkt. 1.) On March 6, 2024, Plaintiffs filed the First Amended Complaint. (Dkt. 11 ("FAC").) On March 20, 2024, Defendant County of San Bernardino and Defendant Ronda Begay ("Defendant Begay") (together, "Defendants") filed the Motion to Dismiss the FAC. (Dkt. 12 ("Motion").) On May 6, 2024, Plaintiffs filed an Opposition to the Motion. (Dkt. 18.) On May 13, 2024, Defendants filed a Reply in support of the Motion. (Dkt. 20.)

On May 20, 2024, the Magistrate Judge held a video conference hearing on the Motion. (Dkt. 21.) On July 16, 2024, the Magistrate Judge filed the Report and Recommendation. (Dkt. 22.) On July 28, 2024, Plaintiffs filed a Letter, (Dkt. 24 ("Letter"), and on August 9, 2024, Plaintiffs filed an Exhibit, (Dkt. 26, "Exhibit").[1] On August 23, 2024, Defendants filed a Response to the Objection. (Dkt. 28 ("Response").)

---

[1] The court liberally construes the contents of the Letter and Exhibit as an Objection to the Report and Recommendation. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007) (stating "[a] document filed *pro se* is to be liberally construed") (citation and quotation marks omitted); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988) (stating "pro se pleadings are liberally construed"). Hereinafter, the court will refer to the Letter and the Exhibit, collectively, as the "Objection."

## II. Analysis

"A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) (stating "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to," and "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions"). Proper objections require "specific written objections to the proposed findings and recommendations" of the magistrate judge. Fed. R. Civ. P. 72(b)(2). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise."). Where no objection has been made, arguments challenging a finding are deemed waived. *See* 28 U.S.C. § 636(b)(1)(C) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."). Moreover, "[o]bjections to a R&R are not a vehicle to relitigate the same arguments carefully considered and rejected by the Magistrate Judge." *Chith v. Haynes*, 2021 WL 4744596, at *1 (W.D. Wash. Oct. 12, 2021).

Here, in the Report and Recommendation, the Magistrate Judge recommends "the District Court issue an order (1) accepting this Report and Recommendation; (2) granting Defendants' motion to dismiss; (3) dismissing Plaintiff K.K. from this action without prejudice for failure to seek appointment of an appropriate guardian ad litem; (4) dismissing Plaintiff Galaviz's claims against Defendant Begay in Claims Six and Seven without leave to amend and dismissing all other claims by Plaintiff Galaviz with leave to amend; and (5) granting Plaintiff Galaviz leave to file a Second

Amended Complaint consistent with this Report within 30 days from the date of the District Court's order." (Report and Recommendation at 16-17.)

The court has carefully reviewed the Objection and the Response. The court agrees with Defendants that the Objection "do[es] not present any new or contrasting evidence to Plaintiffs' allegations, nor the reasoning of the Court in their understanding of the allegations, nor do they raise any reasonable or applicable objections to the Report and Recommendation of the Court." (Response at 2.)

After conducting a *de novo* review of the Objection, the court agrees with each of the findings of fact and conclusions of law set forth in the Report and Recommendation, including each of the recommendations contained therein. Accordingly, the Objection is **OVERRULED** on the merits.

In sum, pursuant to 28 U.S.C. § 636, the court has reviewed the record, including the Report and Recommendation, the FAC, the Motion, the Objection, the Response, and the other records of the case. After conducting a *de novo* determination of the Report and Recommendation and considering the Objection and the Response, the court concurs with and accepts the findings and conclusions of the Magistrate Judge in the Report and Recommendation.

### III. Conclusion

Based on the state of the record, as applied to the applicable law, the court adopts and the Report and Recommendation, and accepts each of the findings of fact and conclusions of law therein. Accordingly, the court **ORDERS** the following:

(1)  the Motion is **GRANTED**;

(2)  Plaintiff K.K. is **DISMISSED WITHOUT PREJUDICE** from this action for failure to seek appointment of an appropriate guardian ad litem;

(3) Plaintiff Galaviz's claims against Defendant Begay in Claims Six and Seven of the FAC are **DISMISSED WITHOUT LEAVE TO AMEND**, and all other claims made by Plaintiff Galaviz against Defendant Begay in the FAC are **DISMISSED WITH LEAVE TO AMEND**; and

(4) Plaintiff Galaviz is **GRANTED LEAVE TO FILE** a Second Amended Complaint consistent with the Report and Recommendation within **thirty (30) days** of this Order.

Dated: September 11, 2024

_____
Hon. Fred W. Slaughter
UNITED STATES DISTRICT JUDGE